UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MEDICAL PROTECTIVE COMPANY                                            Plaintiff

v.                                                      Civil Action No. 3:20-CV-763-RGJ

COREY A. KELLEY &                                                    Defendants
TERRA M. WILSON

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The Court issued a *sua sponte* order requesting briefing on the exercise of discretionary jurisdiction under the Declaratory Judgment Act. [DE 8]. The parties filed the requested briefs and responses. [DE 9; DE 11; DE 12; DE 13]. The matter is ripe. For the reasons below, the Court will exercise its discretionary jurisdiction to entertain this declaratory judgment.

### I. BACKGROUND

The Cleanse Clinic ("Clinic") is a drug-treatment center in Louisville, KY. [DE 9-1 at 128]. Corey Kelley ("Kelley") worked at the Clinic as a drug counselor. *Id.* at 127. In 2018, Kelley began treating Terra Wilson ("Wilson"). During the time he was her counselor, Kelley "engaged in sexual interaction, sexually harassed, sexual assaulted, battered and induced sexual acts" against Wilson. *Id.* at 129. Wilson sued in Jefferson Circuit Court ("Kentucky suit") against the Clinic, the Clinic's owner, Dr. Asad Ismail, Kelley, "Nicole," and unknown employees. *Id.* at 126-27. Wilson asserts that Kelley "engaged in intentional misconduct – namely sexual abuse, emotional abuse, exploitation, sexual assault and battery, sexual harassment, false imprisonment, invasion of privacy, intentional infliction of emotional distress, wanton and reckless conduct, lack of consent, and fraud." *Id.* at 111.

1

The Clinic held a professional negligence policy ("Policy") from the Medical Protective Company ("MedPro") for the period at issue. *Id.* at 110-12. MedPro undertook the Clinic's and Kelley's defense under a reservation of rights. *Id.* at 112. MedPro then brought this action, seeking a declaratory judgment that the Kentucky suit cannot support liability for MedPro under the Policy. [DE 1]. MedPro asserts that "there is no coverage for Kelley's alleged misconduct as it does not constitute 'professional services'" under the Policy "and /or that coverage is excluded because it constitutes a 'criminal act, willful tort or sexual act.'" [DE 9-1 at 112].

## II. DISCUSSION

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).[1] While the Act authorizes district courts to exercise jurisdiction, it does not mandate or impose a duty to do so. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). The Act grants the "federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). This court considers five factors ("*Grand Trunk* factors") to determine whether the exercise of Declaratory Judgment Act jurisdiction is appropriate. *Grand Trunk W.R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984) (internal quotation marks omitted). Although the Court must balance the five factors, the Sixth Circuit has never clarified the relative weights of the factors. *Id.* at 326.

---

[1] The Act does not provide an independent basis for subject matter jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Thus, an action brought under the Declaratory Judgment Act must invoke an independent basis for federal jurisdiction. Here, the independent basis for subject matter jurisdiction is diversity.

1. **Whether the declaratory action would settle the controversy and clarify the legal relations**

The first two *Grand Trunk* factors assess "(1) whether the declaratory action would settle the controversy" and "(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue." *Grand Trunk*, 746 F.2d at 326. Because "it is almost always the case that if a declaratory judgment will settle the controversy, . . . it will clarify the legal relations in issue," the inquiries required by these two factors often overlap substantially. *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 397 (6th Cir. 2019) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008); *Bituminous*, 373 F.3d at 814; and *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)).

There are two lines of cases in the Sixth Circuit. *United Specialty Ins. Co. v. Cole's Place, Inc.*, No. 3:17-CV-00326-TBR, 2018 WL 1914731, at *4 (W.D. Ky. Apr. 23, 2018), *aff'd*, 936 F.3d 386 (6th Cir. 2019) (citing *Flowers*, 513 F.3d at 555). "One line of cases approved of declaratory actions because they can 'settle the insurance coverage controversy,' while a second line of cases disapproved of declaratory actions because while they 'might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy.'" *Id*. (quoting *Flowers*, 513 F.3d at 555).

MedPro argues that "[t]he coverage issues raised herein are the purely legal issues of whether MedPro has a duty to defend and/or indemnify Kelley and/or pay Wilson for her claims against Kelley in" the Kentucky action. [DE 9 at 115]. Citing no legal authority, Kelley counters:

> In pertinent part, Terra Wilson has brought negligence and vicarious liability claims summarily based in the theories of negligent hiring, training, supervision, and retention of Kelley. Because of the nature of Terra Wilson's First Amended Complaint, this Court will be asked to make declarations of Policy terms that would likely affect the course of litigation of the State Court Action – *e.g.* whether Kelley acted "negligently", "within the scope of his duties", or whether Kelley provided "professional services". These substantive definitions, and their application, are

3

currently being explored through discovery and any Policy declaration will unavoidably have ramifications for all parties of the State Court Action. So while a declaration would certainly be able to clarify the legal relations between MedPro and Kelley, it could not do so without also reverberating through the factual issues of the State Court Action, thereby reaching beyond a simple policy interpretation and ultimately affecting the merits and outcomes of the State Court Action.

[DE 11 at 156].

In a one-page response, Wilson asserts:

It seems that MedPro's argument filed in both their initial brief in response to court's January 8, 2021 *Sua Sponte* Order [Document 9] and MedPro's argument filed in their Omnibus Response to defendants' briefs on the exercise of jurisdiction [Document 12] fails to address the First Amended Complaint filed by Terra Wilson on or about December 10, 2020 in Jefferson Circuit Court, Division Five *(See attached - First Amended Complaint*) which clarifies her claims and adds a new Defendant Nicole Dozsa. Of further procedural note, should this Court retain jurisdiction of this matter, this pleading is not yet before this Court and would presumably require MedPro to file a Second Amended Complaint in the Declaratory Judgment Action.

In duty-to-defend cases, "a court should determine at the outset of litigation whether an insurance company has a duty to defend its insured by comparing the *allegations in the underlying complaint* with the terms of the insurance policy." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 507 (6th Cir. 2003) (applying Kentucky law) (emphasis added). "The interpretation of an insurance contract is a matter of law." *Id.* (citing *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky. App. 2000)). "The duty to indemnify is narrower than the duty to defend because it only arises when there is an actual basis for the insured's liability to a third party." *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 269 (6th Cir. 2010). "If there is no duty to defend, then there is no duty to indemnify because the duty to defend is broader." *Nautilus Ins. Co. v. Structure Builders & Riggers Mach. Moving Div., LLC*, 784 F. Supp. 2d 767, 771 (E.D. Ky. 2011).

The Court agrees with MedPro. Determining whether MedPro has a duty to defend or indemnify is a purely legal question. *See Westfield Ins. Co. v. B.H. Green & Son, Inc.*, No. 5:11-CV-10, 2011 WL 13210095, at *2 (W.D. Ky. Oct. 17, 2011) ("This declaratory judgment action seeks a determination of whether Westfield has a duty to defend B.H Green and whether the insurance policies at issue provide coverage or benefits to B.H. Green. This is a purely legal question that will be resolved by examining the Lyon Circuit Court complaint and the insurance contracts"). In addition, this declaratory judgment action will "settle the controversy," as it resolves the dispute between the insurer and insured over who will pay for the state-court litigation. *See, e.g.*, *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 760–61 (6th Cir. 2014). The first two factors therefore support jurisdiction.

2. **Whether the declaratory remedy is used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata**

The third factor considers "whether the use of the declaratory judgment action is motivated by 'procedural fencing' or [is] likely to create a race for res judicata." *Flowers*, 513 F.3d at 558. The Sixth Circuit seldom finds procedural fencing if the declaratory-plaintiff filed after the start of litigation in state court. *Cole's Place*, 936 F.3d at 399. The Kentucky suit was filed in September 2020. [DE 9-1]. This action was filed two months later. [DE 1]. Both parties agree, as does the Court, that this factor supports jurisdiction. [DE 9 at 118; DE 11 at 157].

3. **Whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction**

The fourth *Grand Trunk* factor addresses "whether accepting jurisdiction would increase friction between federal and state courts" and is broken into three sub-parts. *Flowers*, 513 F.3d at 559. The first sub-part "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*,

513 F.3d at 560. Kelley asserts that "a declaratory judgment on MedPro's duties pursuant to the Policy would likely have substantive repercussions in the State Court Action." [DE 11 at 158]. But, as discussed above, determining whether MedPro has a duty to defend and indemnify is a purely legal one based on the allegations in the complaint in the Kentucky action. As a result, the Court's ruling on the limited issue of coverage will not have "substantive repercussions" in the Kentucky action. *See Pennsylvania Nat. Mut. Cas. Ins. Co. v. HVAC, Inc.*, 679 F. Supp. 2d 863, 870 (E.D. Tenn. 2009) ("None of the factual issues necessary to resolve the state court action will be important or necessary to the Court in determining the coverage issue; accordingly, resolution of the declaratory judgment action does not depend on any factual issue in the underlying case, and this sub-factor weighs in favor of exercising jurisdiction"). The first sub-factor therefore supports jurisdiction.

    a. <u>Whether the State Trial Court is in a Better Position to Evaluate Those Factual Issues than is the Federal Court.</u>

The second sub-part examines "which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Flowers*, 513 F.3d at 560. The Sixth Circuit has "found that 'issues of insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve.'" *Id.* at 561 (quoting *Travelers Indem. Co. v Bowling Green Prof. Assoc.*, 495 F.3d 266, 273 (6th Cir. 2007)). The questions that arise here do not, however, involve novel issues of Kentucky law. *See Cole's Place,* 2018 WL 1914731 at *8. Moreover, neither the obligation to defend nor the scope of the Policy is before the state court. *See Flowers*, 513 F.3d at 561 ("[W]hen an insurance company is not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend is before the state court . . . a decision by the district court on these issues would not offend

principles of comity"). The second sub-factor therefore is neutral and does not weigh heavily in the balance.

> b. <u>Whether There is a Close Nexus Between Underlying Factual and Legal Issues and State Law and/or Public Policy, or Whether Federal Common or Statutory Law Dictates a Resolution of the Declaratory-Judgment Action.</u>

The third sub-part "focuses on whether the issue in this federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. Kentucky state courts are "more familiar and, therefore, better able to resolve" interpretation of insurance contracts. *Id*. Even when the state law is not difficult to apply, the Sixth Circuit has usually found "that the interpretation of insurance contracts is closely entwined with state public policy." *Cole's Place, Inc.*, 936 F.3d at 401, citing *e.g.*, *Flowers*, 513 F.3d at 561 and *Travelers*, 495 F.3d at 273. Because this action involves an interpretation of a Kentucky insurance contract, the third sub-part counsels against jurisdiction.

**4.      Whether there is an alternative remedy which is better or more effective**

The fifth and final factor asks "whether there is an alternative remedy which is better or more effective" than federal declaratory relief. *Grand Trunk*, 746 F.2d at 326. Kentucky law provides a declaration of rights procedure, under KRS § 418.040. *Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc.*, No. 18-5267, 2018 WL 6787945, at *8 (6th Cir. Dec. 26, 2018). The Sixth Circuit has held that, "[i]n many ways, this alternative would have been better." *Flowers*, 513 F.3d at 562. Specifically, "[t]he Kentucky courts are in a superior position to resolve undecided questions of state law," and "Kentucky courts might also have been able to combine the two actions so that all issues could be resolved by the same judge." *Id.* For these reasons, overall, the fifth *Grand Trunk* factor weighs against exercising jurisdiction.

## 5. Balancing the Grand Trunk factors

As noted above, the Sixth Circuit has never suggested the relative weight of the factors; instead, "[t]he relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case." *Cole's Place*, 936 F.3d at 396 (citing *Hoey*, 773 F.3d at 759). Further, "[t]he essential question is always whether [the court] has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *Id*. (citing *Hoey,* 773 F.3d at 759) (citation omitted). Having evaluated the factors, the first three factors support exercising jurisdiction, as does one of the sub-parts of the fourth factor. Because of the importance of these factors and the well-established law on these legal issues, the exercise of the Court's discretionary jurisdiction is appropriate.

## III. CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS AS FOLLOWS**:

(1) The Court finds that the exercise of its jurisdiction over this declaratory judgment action under 28 U.S.C § 2201 is proper.

Rebecca Grady Jennings, District Judge
United States District Court

July 15, 2021